SCIRE FACIAS on a judgment at the suit of the Farmers' Bank against William Wilson, Barclay Wilson, Josiah Marvell, James Wilson, and Silas Reynolds for $670, real debt, with interests from Feb. 19, 1852, which had been paid by Barclay Wilson's Administratrix, the plaintiff, and assigned to her by the Farmers' Bank, and which *Page 221 
now stood on the docket by endorsement to and for her use. Pleas nul tiel record, payment and release.
The plaintiff proved by the Cashier of the Bank, the payment to it by her as the administratrix of Barclay Wilson, of the judgment, and the assignment of it to her by him; and that Barclay Wilson, in his lifetime gave his own individual bond for the amount of it to the Bank, and his administratrix since his death, had paid off the bond to the Bank, when the judgment was assigned to her as before stated. Also the death of the other defendants in it, and the survivorship of William Wilson and Silas Reynolds.
Wright, for the defendants, submitted a motion for a nonsuit. The Farmers' Bank is the legal plaintiff in the action, which is in its name for the use of the administratrix of Barclay Wilson, who was one of the joint sureties in the bond on which the judgment was entered. To this action the defendants have pleaded payment in brief upon the record, but which, of course, imports payment to the plaintiff in the action, and the proof is direct that it had been paid to the Bank by the administratrix in the mode stated by the cashier of it; and if such is the case, then the plea is a good defence and an absolute bar to the action. Porter use of Herdman v. Moms' Exr. 2Harr. 509.7 T. R. 663. The assignment of the judgment was not such as will enable the assignee under the statute, to maintain an action upon it in her own name. Besides, the assignment of it on the record is under the hand of the cashier, with a scroll annexed as his private seal, and attested by two subscribing witnesses; but that is not the seal of the Bank, nor can it be considered or regarded as such. Ang. Ames on Corp. 226.2 Cush. 337.
Layton, for the plaintiff. The action is not under the statute by the assignee in her own name, but in the name of the Bank for her use, and in such an action and for the purpose of such a suit, the assignment of the judgment by the cashier, which *Page 222 
is the uniform practice of that institution, is sufficient, and although it was constructively paid by the decedent in his life time, by giving his individual bond for the debt, as had been stated by the cashier, and which has been paid since his death by the administratrix, that did not constitute, and never was considered by the bank, a payment of the judgment; because under the statute, it had no authority to endorse payment, or satisfaction upon it, but was bound by it, when it was so paid by one of the sureties, to assign it to him or his administratrix, in order that she might avail herself of the remedy upon it, which it provides for in such cases, to recover the amount from the principal, or to compel contribution from the co-sureties.
Wright replied.
 The Court sustained the motion for a nonsuit. There is no legal remedy or action at law in such a case, except under the provisions of the statute referred to, which must be strictly conformed to in the requisitions prescribed by it, in regard to the assignment of the judgment; and when the assignment in such a case is by a bank, as it was in this instance, which is a corporation with an actual public seal provided for by the law creating the institution, and by which it is held to speak, and to perform such functions, it should be under such seal and the signature of the President of it, who is, in contemplation of law, the proper keeper or custodian of such seal, and in the presence of two credible witnesses at least, who should subscribe it as such.